JOHN  W.  KELLUMS

v.

EDWARD  H.  HAWKINS.

*Mortgages—Description—Mistake—Estoppel.*

Where a vendee, with knowledge of a mortgage, and that it was intended to cover the land purchased, promises to pay it in consideration of the mortgagee's allowing him to purchase, he can not afterward refuse to pay it on the ground that it does not in fact, by its description, cover the land.

[Opinion filed October 8, 1890.]

APPEAL from the Circuit Court of Clay County; the Hon. WM. C. JONES, Judge, presiding.

Mr. GERSHOM A. HOFF, for appellant.

Messrs. BARNES & RAMSEY, for appellee.

REEVES, J.   George B. Marsh borrowed of appellee $100 and gave his note secured by a mortgage on his house and lot in Flora, as appellee supposed.   It turned out that the description in the mortgage did not cover the house and lot.   Some time after the loan, appellee went to Flora and Marsh proposed to sell him his place, telling him there was a prior mortgage on the place to the building association of $400, appellee's debt and a debt to a Mr. Young, which he wanted to pay, and the balance of the price he fixed on the place he wanted for himself, to enable him to get away from the town.   Appellee took the proposition under consideration and agreed to let Marsh know what he would do.

Before appellee left Flora he met appellant, who asked whether he had made a trade with Marsh, and in reply appellee told him what had taken place between him and Marsh.   Appellant then informed appellee that Marsh was owing him, or that he had security debts to pay for Marsh, and if he could so arrange it he would like to buy the property himself to save himself, but he feared he could not do so, if Marsh thought he could sell the place to appellee. Appellee swears that appellant then said to him, "if you will step down and out of the trade with Marsh, I will pay you the $100 Marsh owes you." It appears that appellant knew of the mortgage to appellee and spoke of it in this conversation.   Appellee further testifies that he said to appellant it was simply a business matter with him, that all he wanted was his money and that he would think about it, and if he concluded to accept appellant's offer he would let him know by mail and he could take the property.   The next day appellee wrote appellant that he had concluded not to buy Marsh's place and he could sell to any one else who would

Kellums v. Hawkins.

buy.   Thereupon appellant bought the property and finding that the description in appellee's mortgage did not cover the property, he settled in full with Marsh for the place and refused to pay appellee his debt.   This suit was brought to recover the amount of this debt.   Richey, a witness for plaintiff, testified in substance that appellant told him to communicate with appellee and to say if appellee would get out of the way in the trade for the Marsh property, he would pay appellee his claim, $100, and that he did so communicate to appellee.   Mrs. Marsh testified that at the time the deed was made by Marsh and wife to appellant he promised to pay $100 to appellee.   Appellant claims that what he said to appellee and Richey was that he would pay appellee's mortgage if he had one, and that when he found that the description in appellee's mortgage did not describe the lot by the right number, and so did not cover the property, he did not regard himself under any obligation to pay appellee's claim, and settled in full with Marsh for the amount he agreed to pay him.

It is clear that appellee could have corrected his mortgage as to description, and have enforced it against the property. So far as appears, Marsh owned no other property than that sold by him to appellant.   The mortgage to appellee was made subject to a mortgage to the loan association for $400, and it was not disputed that this latter mortgage covered the right lot.   Appellant had notice of the existence of the mortgage, and that it was intended to cover the lot Marsh owned. From the evidence in the case it appears that in consideration of appellee's retiring from any further negotiation with Marsh in reference to the purchase of the house and lot, and thus giving appellant an opportunity to secure himself on account of his surety obligations for Marsh, appellant agreed to pay appellee his debt due from Marsh.

The preponderance of the evidence shows this.   The facts disclosed a sufficient consideration for appellant's promise. The instruction given for plaintiff was a proper one, and no damaging error was committed in the admission of evidence.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*